RIDDICK v. ATLANTIC VENEER

[94 N.C. App. 201 (1989)]

———————

ALTHEA RIDDICK, PETITIONER-APPELLEE v. ATLANTIC VENEER, AND EMPLOY-MENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENTS-APPELLANTS

No. 883SC1347

(Filed 6 June 1989)

Master and Servant § 111— appeal untimely filed—refusal of Commission to hear—abuse of discretion

The Employment Security Commission clearly abused its discretion by refusing to allow claimant's appeal from a deci-

sion of a claims adjudicator where plaintiff was notified of the denial of her claim for unemployment compensation benefits by letter mailed 13 January 1988, the letter advised petitioner that her right to appeal would expire on 25 January 1988, petitioner mailed a letter giving notice of appeal on 20 January 1988, and the letter was postmarked 20 January 1988 but was not received in the Raleigh office of the Commission until 26 January 1988. The Commission's regulations allow it to grant extensions of time and to permit acts to be done after the expiration of the time allowed where the failure to act was the result of excusable neglect; the petitioner's mailing the letter more than five days in advance of the due date, if neglect at all, was clearly excusable.

APPEAL by Employment Security Commission of North Carolina (Commission) from *Reid, David E., Jr., Judge.* Order entered 29 September 1988 in Superior Court, CRAVEN County. Heard in the Court of Appeals 18 May 1989.

This is an appeal from an order of the superior court reversing the decision of the Employment Security Commission dismissing claimant's appeal from a decision of a claims adjudicator for claimant's failure to give timely notice of appeal from the adjudicator's decision.

*Pamlico Sound Legal Services, by Daniel V. Besse, for petitioner-appellee.*

*T. S. Whitaker, Chief Counsel, and C. Coleman Billingsley, Jr., for respondent-appellant Employment Security Commission of North Carolina.*

*No brief for Atlantic Veneer, respondent.*

JOHNSON, Judge.

Petitioner was advised by a claims adjudicator of the Commission by letter mailed 13 January 1988 of the denial of her claim for unemployment compensation benefits. The letter advised petitioner that her right to appeal this determination would expire on 25 January 1988. Petitioner mailed a letter giving notice of appeal on 19 January 1988. The letter was postmarked 20 January 1988 but was not received in the Raleigh office of the Commission until 26 January 1988. Petitioner's appeal was dismissed by the

## RIDDICK v. ATLANTIC VENEER

[94 N.C. App. 201 (1989)]

Commission because she failed to file notice of appeal within ten days as required by G.S. sec. 96-15(b)(2). She then filed a petition for judicial review in Craven County Superior Court where Judge David Reid entered an order reversing the Commission's dismissal of petitioner's appeal. The Commission appealed.

The Commission argues the superior court lacked authority to allow a late appeal from the adjudicator's determination. We disagree.

G.S. sec. 96-15(b)(2) provides that a determination of a claims adjudicator is final "unless within 10 days after the date of notification or mailing of the conclusion, whichever is earlier, a written appeal is filed pursuant to such regulations as the Commission may adopt." The regulations adopted by the Commission provide that an appeal from an adjudicator's decision or notification must be received in an office of the Commission within ten days from the earlier of the mailing of the adjudicator's decision or notification of decision. E.S.C. Reg. 13.16(B). The Commission's regulations further allow it to grant extensions of time and to permit acts to be done after the expiration of the time allowed "where the failure to act was a result of excusable neglect." E.S.C. Reg. 21.11(E). The Commission thus has the discretion to allow a late appeal. It recognized this discretionary authority by finding and concluding that claimant had failed to show excusable neglect. This ruling, as a discretionary one is fully reviewable on appeal. *Williams v. Burlington Industries, Inc.*, 318 N.C. 441, 349 S.E. 2d 842 (1986).

The Commission argues that it did not abuse its discretion in refusing to allow claimant's late appeal. It cavalierly argues claimant assumed the risk of untimely delivery when she mailed the notice of appeal and that she could have hand delivered the notice to the local Commission office in the town where she had commuted to work daily. This argument disregards the facts that the Commission itself relied upon the mails to deliver its determination to the claimant and that the notice of decision itself states that notice of appeal may be filed by mailing the notice to the Raleigh office. We agree with Judge Reid that claimant acted as an ordinary and prudent person in transacting her business. She had a reasonable expectation that intrastate delivery of her letter would occur within five days or less. Her mailing the letter more than five days in advance of the due date, if neglect at all, was clearly excusable. The Commission clearly abused its discretion in refusing to allow claimant's appeal.

The order is

Affirmed.

Judges EAGLES and ORR concur.